CHARLES E. FULLER v. JOSEPH M. SCHUTZ.[1]

January 23, 1903.

Nos. 13,313—(250).

**Appeal—Restraining Order.**

An·order for a temporary injunction granted upon a hearing of the parties, and not issued ex parte, is appealable.

**Injunction—Sale of Patent.**

Where an order for temporary injunction was granted to restrain the sale of an interest in a patent until the final disposition of the case, *held*, under the facts disclosed herein: (a) That the complaint did not conclusively show that the patent had been issued in fraud of the federal statutes governing the subject. (b) That it did not appear that the controversy set forth in the pleadings was solely of federal cognizance. (c) That the court, upon the denial in the answer of the equities alleged in the complaint, did not abuse its discretion in granting the restraining order.

Action in the district court for Hennepin county to recover an undivided one-eighth interest in a patent issued to defendant, and to restrain defendant from disposing thereof, or for an accounting in case said patent had previously been disposed of. At the time of commencing the action plaintiff moved for a temporary injunction. Defendant answered and at the same time served a notice of motion to dismiss the action for want of jurisdiction. The motions were heard together before Harrison, J., who made an order denying the motion to dismiss and granting the motion for a temporary injunction. Defendant appealed from the order. Affirmed.

*H. V. Mercer*, for appellant.

The circuit court of the United States has exclusive jurisdiction of this case, because the originality of the invention, and consequently the validity of the patent, are brought directly in question ·by plaintiff, and lie at the very foundation of his case. Tomlinson v. Battel, 4 Abb. Pr. 266; Hovey v. Rubber Tip, 57 N. Y. 119; Hyatt

[1] Reported in 93 N. W. 118.

v. Ingalls, 49 N. Y. Super. Ct. 375, 378; Slemmer's Appeal, 58 Pa. St. 155, 165.

It is a well-established rule in Minnesota that where the equities of the complaint are fully and positively denied, no temporary injunction will issue unless the case falls within certain well defined exceptions, which this does not. Pineo v. Heffelfinger, 29 Minn. 183, 184; Stees v. Kranz, 32 Minn. 313; Hamilton v. Wood, 55 Minn. 482; Knoblauch v. City of Minneapolis, 56 Minn. 321.

*Rome G. Brown, Charles S. Albert* and *Paul & Paul,* for respondent.

The Minnesota courts have jurisdiction. The patent laws do not prevent the state court from passing upon the question of the validity of a patent when it is necessarily involved in a suit, otherwise proper to be brought before them. As the cases below cited show, there is a distinction between *questions* arising under the patent law and *cases* arising under the patent law. This is not a "case" under the patent law. Wilson v. Hentges, 26 Minn. 288; 16 Enc. Pl. & Pr. 49, and cases cited; Continental v. Clark, 100 N. Y. 365; Marsh v. Nichols, Shepard & Co., 140 U. S. 344; 16 Enc. Pl. & Pr. 51, and cases cited; Pratt v. Paris Gas Light & C. Co., 168 U. S. 255, 155 Ill. 531, affirmed; Wade v. Lawder, 165 U. S. 624; Pliable Shoe Co. v. Bryant, 81 Fed. 521; Montgomery Palace Stock-Car Co. v. Street Stable Car Line, 43 Fed. 329; Densmore v. Three Rivers Mnfg. Co., 38 Fed. 747; Flint v. Hutchinson Smoke-Burner Co., 38 Fed. 546; Ingalls v. Tice, 14 Fed. 352; McCarty & Hall Trading Co. v. Glaenzer, 30 Féd. 387; Wren v. Annin, 34 Fed. 435, judgment affirmed; Gottlieb v. Thatcher, 151 U. S. 271; Brooklyn Watch-Case Co. v. Leach, 35 Fed. 2; Williams v. Star Sand Co., 35 Fed. 369; Kurtz v. Strauss, 100 Fed. 800.

The order granting the temporary injunction was justified, despite the facts (1) that appellant denied the allegations of plaintiff, and (2) that appellant alleged that a transfer had already been made. Pineo v. Heffelfinger, 29 Minn. 183.

LOVELY, J.

Appeal from an order overruling a motion to dismiss the action. The motion was made upon the ground that a controlling question

involved was solely of federal cognizance, not within the jurisdiction of the state courts. This application was denied, and, included in the denial, a temporary injunction was granted restraining defendant during the pendency of the action from 'disposing of an interest in a patent process for compounding pulverized coffee with sugar.

An order to dismiss is not appealable under our procedure, but the right to the temporary injunction, if well grounded, necessarily involves the question of jurisdiction to entertain the action; and, if the right did not exist, it would be the duty of this court to decline to consider the cause further. We may also say, in passing, that, had the order for injunction been made ex parte, it could not be heard under the rule laid down in State v. District Court, 52 Minn. 283, 53 N. W. 1157, yet here the restraining order was granted after a full hearing upon the pleadings and affidavits of the respective parties, and an appeal is authorized therefrom.

The complaint sets forth the issuance of a patent to defendant upon the invention of the process referred to, and that, previous to its issuance, there was an agreement by the defendant for a consideration to convey to plaintiff an one-eighth interest in the patent when obtained. After the patent was secured, defendant, under proper demand, refused to transfer such interest. It is claimed the invention was of considerable value, and there is danger that defendant will dispose of his entire property right therein, to the detriment of plaintiff's interest, unless restrained by the order of the court. The complaint concludes with a prayer for specific performance of the agreement to convey.

Defendant answered, alleging that he was the sole inventor of the process. He denied the agreement to convey, and put in issue all matters showing an intention to transfer the patent to defeat plaintiff's rights therein.

It cannot be questioned here that the averments of the complaint are sufficient to support a judgment for the specific performance of the agreement to convey, and, if sustained, would justify that relief, unless, as urged for defendant, there are other statements in the complaint showing that the patent was obtained in fraud of the patent laws of the United States. The effect of

which, in addition to the averments in the answer and reply, as claimed, disclose a controversy over the origin and discovery of the patented process determinable solely in the federal courts.

In view of the disposition we are required to make of this appeal, we do not deem it advisable critically to analyze the complaint at length; suffice it to say that it is alleged therein that plaintiff discovered a process for compounding sugar and pulverized coffee in relative parts to preserve the best elements of the coffee and retain the same by such combination in a way that would materially improve the table beverage produced in domestic use, and it is claimed for defendant that, if plaintiff was the inventor of this process, he could not lawfully agree with the defendant that the latter should obtain the patent therefor in his name, which would be a fraud upon the patent laws of the United States, whose terms make it essential to its validity that it be granted on an application supported by oath of the original and first inventor (or of his executor or administrator), whether the patent is issued to him or his assignee, and that a patent not thus supported is unauthorized by law and void under R. S. (U. S.) §§ 4886, 4888, 4892, 4895, 4896, 4920 [3 U. S. Comp. St. 1901, 3382–3386, 3394], as held, by the court having final authority on that subject, in Kennedy v. Hazelton, 128 U. S. 667, 9 Sup. Ct. 202.

If it were clear from the complaint that an agreement had been made in fraud of these provisions of the United States laws, and there could be no question that a patent had been procured by the fraud of the applicant, it would follow that the plaintiff would be entitled to no redress, also that an action which required this court to decide a contest over the validity of the patent would be within the exclusive jurisdiction of the federal courts.

In any view we would not, under the rule laid down in Kennedy v. Hazelton, supra, enforce a contract to convey a patent which was fraudulently obtained and void, but it is our duty to construe the plaintiff's pleading liberally, with regard to the ultimate object of the suit, as well as the presumption of good faith of the party seeking relief, and we should reconcile, if it can be done reasonably, apparent inconsistencies therein with the manifest purpose of the action. In doing this, it is our duty in this case to

treat the statement by plaintiff that he discovered the patented process in connection with other allegations of the complaint, as fairly indicating that, while plaintiff was engaged to some extent in working out the discovery of the new combination, his efforts in that direction had been given in assisting defendant, and are not inconsistent with the claim that the final process when completed and patented was the invention of the latter.

Defendant did not demur, but in the answer alleged that he was the inventor, which is denied by the reply. Upon these statements in the pleadings it is insisted, on the contention of defendant, that there was an issue as to the validity of the patent, yet it is entirely clear that both parties treated the patent as valid. The gist of the action was the right of the respective parties under the alleged agreement to convey, and we are not inclined to segregate any particular averment in the complaint from others to be found therein, as well as in the answer, which are in harmony with the view that defendant was the inventor of the finally developed process, and that plaintiff intended to pursue a legal course in accordance with the patent laws, hence that the contract made between the parties for the transfer of an one-eighth interest therein was not illegal. And, further, in this same line we are required to hold that the statements by plaintiff that he invented the process, and the claim on the other side that defendant was the inventor, are matters of inducement not involving the real controversy or requiring a decision upon the validity of the patent, which both parties assert as the basis of their respective rights.

It is further insisted for defendant that the answer denied the equities set forth in the complaint, for which reason the application for a temporary injunction should, as a matter of right, have been denied, upon the doctrine that, where this remedy is sought, and all the equities disclosed by the plaintiff's pleading are traversed in the answer, it is the duty of the court to refuse the issuance of a restraining order; but this rule is not inflexible, and to some extent at least rests in the sound discretion of the court. Stees v. Kranz, 32 Minn. 313, 20 N. W. 241; O'Brien v. Oswald, 45 Minn. 59, 47 N. W. 316; Hamilton v. Wood, 55 Minn. 482, 57 N. W. 208. There has been of late much relaxation in the application of

the rule that a denial by answer of the equities upon which a temporary injunction is asked requires the court to refuse the order, where it appears that such refusal might work an injury, and it is not left absolutely to the pleader to control and foreclose the judgment of the court in this respect.

The complaint in this action substantially alleges that the patent was valuable, but that, otherwise than his interest in such patent, defendant was insolvent, and was attempting to dispose of his property therein to put the avails where the plaintiff's right to any relief he might obtain would be unavailing. This is denied by defendant, but it does not appear further that, otherwise than his ownership of the interest in the patent,—the value of which must be to a large extent uncertain,—defendant is possessed of independent means, and while his intentions, as alleged, may be true, there is a possibility of change in his purpose in that respect that might jeopardize the rights of the plaintiff if he should prevail; nor does it appear that the control of the subject, pending the final disposition of the case, would be so injurious to the defendant's rights that we can say that it was an abuse of discretion on the part of the trial court to afford the temporary relief granted.

Order affirmed.