M. J. MILLER and Another v. JORGEN JENSEN and Others.[1]

November 29, 1907.

Nos. 15,323—(103).

**Ditch Act Constitutional.**

In this action to restrain the defendants from constructing a drainage ditch through the land of the plaintiffs, it is *held* that the trial court did not err in dissolving a temporary injunction so restraining the defendants; and, further, that chapter 230, Laws 1905, relating to the construction of ditches, is constitutional.

Action in the district court for Clay county for an injunction restraining defendants and their servants from constructing a drainage ditch through plaintiffs' land. From an order, Baxter, J., dissolving and vacating the temporary injunction, plaintiffs appealed. Affirmed.

*F. H. Peterson,* for appellants.

*Nye & Dosland,* for respondents.

START, C. J.

This action was brought to restrain the defendants from digging a ditch through plaintiffs' land. Upon the verified complaint a temporary injunction so restraining the defendants was issued upon the order of the court commissioner. The district court of the county of Clay, upon the motion of the defendants, made its order dissolving the injunction, from which the plaintiffs appealed.

It is clear from the record that the trial court did not abuse its discretion in dissolving the injunction, and that the order must be affirmed, unless the plaintiffs were, upon the pleadings and affidavits in

[1] Reported in 113 N. W. 914.

support of the motion to dissolve, entitled as a matter of right to a continuance of the injunction pending the action.

The allegations of the complaint are to the effect that the plaintiffs own the land described in the complaint, consisting of six hundred forty acres, which they operate as one farm, nearly all of which is under cultivation, and that in order to farm the land to advantage all parts thereof must be readily accessible to the buildings thereon, and in plowing, seeding, and harvesting, teams must work across its entire length; that the defendants threaten to go upon the land and construct thereon a drainage ditch running diagonally through it; that the ditch is not to be constructed for the benefit of the public health, but for the sole purpose of draining agricultural lands bordering thereon and contiguous thereto, so as to render them more productive; that there is no reason why the ditch should be constructed diagonally through the farm, which is already well drained; that the defendants intend to leave the earth taken from the ditch, in the form of spoil banks, along the edges thereof, to allow water to flow out of the ditch in times of high water upon the land, and back again when it subsides; that, if the ditch is constructed as threatened, the water flowing therein will erode the banks along the full length thereof through the farm, and large quantities of sediment, in the form of quicksand, will be deposited thereon, whereby the plaintiffs' land will be permanently disfigured and its value as a section farm destroyed; and, further, that the ditch will destroy a public highway along the side of the land, whereby the plaintiffs will lose the use thereof in their farming operations, to their great damage.

The answer, which was duly verified by the defendants, denied the allegations of the complaint, except as specifically admitted. It admitted that the plaintiffs were the owners of the land described in the complaint, and, further, that the defendants, unless restrained, intend to construct the ditch specified in the complaint over and across the plaintiffs' land. The answer then alleged the presentation of a petition to the board of county commissioners for the location and construction of the ditch, and other facts from which, if proven, the conclusion will necessarily follow that the ditch in question was duly located and established, pursuant to the provisions of chapter 230, p. 303, Laws 1905, by the board of county commissioners of the county

of Clay upon a finding that its construction would be of public utility and conducive to public health and public benefit, and, further, that the defendants had duly entered into a contract with the county for the construction of the ditch. Copies of the order establishing the ditch and the contract, specifications and bond of the contractors were attached to the answer as exhibits and made a part thereof. The answer also alleged that the plaintiffs duly appealed to the district court of the county of Clay from the award of damages in such ditch proceedings, that the cause was tried and a verdict returned assessing their damages, and that the plaintiffs' motion for a new trial is still pending.

The verified reply was in these words: "Plaintiffs above named, for their reply to the answer interposed by the defendants herein, show to the court as follows: (1) They deny each and every allegation of new matter therein contained which do not admit the allegations of the complaint herein. (2) As to paragraphs three to twelve, inclusive, plaintiffs allege that the law of the state of Minnesota therein referred to, and under which defendants claim, contravenes the constitutions of both the state of Minnesota and of the United States in the following particulars, to wit: (a) It provides for the taking of property without due process of law. (b) It provides for the taking of property without having the value thereof, or the necessity for such taking, determined by a constitutional tribunal. (c) It provides for the taking of private property for private purposes." Paragraphs three to twelve of the answer, referred to in the reply, are the ones which contain the allegations as to the ditch proceedings to which we have referred.

The motion to dissolve the temporary injunction was based upon the verified answer and the affidavits of the engineer in charge of the construction of the ditch and eight other persons, familiar with the land through which the ditch, as described in the order laying it out, would pass, tending to show conditions making the construction of the ditch necessary and conducive to public health and utility.

It is the contention of the plaintiffs that they are entitled to the continuance of the injunction as a matter of right, because the answer admits and alleges that the defendants intend to construct the ditch, by virtue of their contract with the county, pursuant to the order of

the county commissioners locating and establishing the ditch, which allegations are put in issue by the reply. The general rule is that an answer to a complaint for an injunction, which amounts to a defense only, and the allegations of which are put in issue by the reply, duly verified, is not the equivalent of one which fully denies and puts in issue the equities of the complaint, and that a temporary injunction will not be dissolved solely on such an answer. Moss v. Pettingill, 3 Minn. 145 (217). The rule, however, is not inflexible, for whether the trial court will retain or set aside an injunction is not a question of astute pleading, but a matter largely in its sound discretion, depending upon the nature and circumstances of each particular case.

The character of the reply and the circumstances of this case, as disclosed by the pleadings and affidavits used on the hearing of the motion to dissolve the injunction, were clearly such as to call for the exercise of the discretion of the trial judge and to justify its order dissolving the injunction. It is not clear from the reply that the plaintiffs intended to swear, by verifying it, that the county board never made the order locating the ditch, a copy of which was a part of the answer, and that they never appealed in the ditch proceedings to the district court, where a verdict was returned assessing their damages. If they were indicted for perjury for so swearing, would they not urge that the denial in the reply did not extend to such matters, for the reason that the second subdivision of the reply alone had reference to paragraphs three to twelve of the answer? If, however, all the allegations in the paragraphs are denied, then the trial judge might well have doubted the sincerity of the plaintiffs.

It is further urged that the drainage law (chapter 230, p. 303, Laws 1905) is unconstitutional, for the reasons set forth in the reply. It is urged that because the law provides that the petition for the ditch must state that it "will be a public benefit or promote the public health," and that the board of county commissioners must find, before ordering the construction of a ditch, that it "will be a public utility or promote the public health," it provides for the taking of private property for a private purpose, for the reason that "public benefit and public utility, used in this connection, evidently mean an advantage to the public different from public health, and evidently refer to the advantages which the people of the district will gain from

better agricultural conditions. Such benefits are purely private in their nature. The act, therefore, provides that when, in the opinion of the county board, benefits of a private nature accruing to the people in the vicinity are of a certain value, or when the public health demands, it is their duty to order the construction of a drainage ditch. They do not have to find both requisites. It leaves it in the discretion of the county board to cause a ditch to be laid out for private benefits." The other specific objection to the law is that under its provisions the cost of the ditch may be increased beyond the estimated benefits. If there be no other objections to the constitutionality of the statute except those stated, we are of the opinion that it must be held constitutional, upon the authority of State v. Board of Commrs. of Polk County, 87 Minn. 325, 92 N. W. 216, 60 L. R. A. 161, and McMillan v. Board of Commrs. of Freeborn County, 93 Minn. 16, 100 N. W. 384. We hold the statute valid.

Order affirmed.