E. V. WATTERS v. CITY OF MANKATO and Others.[1]

November 27, 1908.

Nos. 15,779—(95).

**Injunction—Municipal Contract.**

    The plaintiff was not, upon the verified complaint, answer, and reply herein entitled, as a matter of right, to a temporary injunction restraining the defendants from entering into a contract for the building of a bridge across the Minnesota river, and appropriating money therefor. Nor did the trial court abuse its discretion in refusing to grant such injunction.

Action in the district court for Blue Earth county to enjoin defendant city and its officers from building or causing to be built a certain bridge. From an order, Cray, J., discharging an order to show cause and vacating and setting aside the temporary restraining order, plaintiff appealed. Affirmed.

*C. O. Dailey,* for appellant.

*J. W. Schmitt,* for respondents.

START, C. J.

Upon the verified complaint of the plaintiff, a taxpayer of the city of Mankato, the district court of the county of Blue Earth made its order requiring the defendants to show cause why they should not be enjoined pending this action from building or causing to be built a bridge across the Minnesota river at Mankato, and from entering into any contract therefor, and from appropriating any money or issuing any city orders, warrants, or bonds for the construction of such bridge. The order to show cause so restrained the defendants until the motion for a temporary injunction could be determined on its merits. The defendants answered and the plaintiff replied. All of the pleadings were duly verified. The order to show cause was heard upon the pleadings alone, and upon consideration thereof the trial court made its order discharging the order to show cause and vacating the temporary restraining order. The plaintiff appealed from the order.

[1] Reported in 118 N. W. 358.

106 M.—11

When the allegations of a verified complaint show that the plaintiff is entitled to a temporary injunction, and the verified answer admits such allegations and alleges new matter in avoidance, which is denied by the verified reply, the plaintiff is ordinarily entitled to a temporary injunction, but where the verified answer puts in issue the equities of the complaint, the plaintiff is not entitled to such injunction as a matter of right. The rule, however, is not inflexible. The question of granting or retaining a temporary injunction depends upon the nature and circumstances of each particular case, and, as a general rule, it is a matter within the sound discretion of the trial court. Fuller v. Schutz, 88 Minn. 372, 93 N. W. 118; Miller v. Jensen, 102 Minn. 391, 113 N. W. 914.

It follows that the trial court did not abuse its discretion in making the order complained of unless the answer admits the equities of the complaint. The complaint alleges facts from which the conclusion follows that the defendants propose to construct the bridge in question and to issue the bonds of the city for that purpose, and that they intend to enter into a contract for the construction of the bridge and to appropriate more than $6,000 therefor, which will create an indebtedness of the city in excess of its debt limit. The complaint also alleges that at a meeting of the common council of the city held February 21, 1908, a motion was duly passed to appropriate the sum of $6,000 towards the building of the bridge, and that the defendant's mayor, aldermen, and city recorder will, unless restrained by the court, appropriate such sum for such purpose. The answer denies each and every allegation of the complaint except as therein admitted. The answer admits the allegations of the complaint as to the amount of bonded and other indebtedness of the city and the assessed valuation of the taxable property thereof, and that it will cost $24,000 to construct the bridge in question. The defendants also admitted and alleged in their answer that the motion to appropriate $6,000 towards the building of the bridge was made and carried as alleged in the complaint, and that the defendant's mayor and aldermen will duly appropriate such sum as soon as the same is acquired by the city either by tax levy therefor or by placing that amount in the road and bridge fund for that purpose after being received from the general revenues of the city acquired otherwise than by taxation; that it is

their intention to levy a tax against the taxable property of the city to raise the sum of $6,000, to be applied towards the construction and building of the bridge, if it is not otherwise provided for as alleged, but it is not their intention to raise any further sum therefor; that it is their intention to contribute towards the construction of the bridge the sum of $6,000, and no more, and it is their intention to levy a tax therefor or to take it from the general other revenues of the city acquired from saloon licenses, place it in a separate fund for such purpose, and then to appropriate it to such purpose by proper resolution, and, further, that it is not the intention of defendants to make the city liable for more than $6,000, but that the balance of the necessary funds for the bridge have been and will be provided for by Blue Earth county, Nicollet county, North Mankato, and by individual subscription, and that the city will not enter into any contract in the matter to pay any sum whatever except out of funds to be acquired as herein alleged.

It is clear from the answer that it puts in issue the equities of the complaint, and, further, that its admissions and allegations as to the defendants' intention to appropriate $6,000 to aid in the construction of the bridge upon the conditions therein alleged do not show any purpose on their part to do any unlawful act in the premises. It was upon this ground that the trial court discharged the order to show cause, and vacated the restraining order, and in so doing it did not abuse its discretion, for the pleadings upon their face do not show that the plaintiff was entitled to a temporary injunction as a matter of right. The plaintiff urges that no authority was shown to construct the bridge across the river as provided by Act of Congress March 3, 1899, c. 425, § 9, 30 St. 1151 (U. S. Comp. St. 1901, p. 3540). No such question was raised in the court below by the pleadings or otherwise.

Order affirmed.