# ELON G. HOLMES v. PARK RAPIDS LUMBER COMPANY.[1]

## June 18, 1909.

### Nos. 16,124—(126).

**Discretion Not Abused in Issuing Temporary Injunction.**

There being a dispute as to when the time expired for appellant, under its timber deed, to cut and remove the timber from land acquired by a mixed-blood Indian as an additional allotment, the trial court did not abuse its discretion in issuing a temporary injunction, in an action brought by a subsequent grantee, to prevent appellant from cutting the timber.

Action in the district court for Becker county to restrain defendant from cutting and removing timber from certain land in the White Earth Indian Reservation. Upon an order to show cause why a temporary injunction should not issue, the court, Baxter, J., granted such restraining order against the defendant. From that order, defendant appealed. Affirmed.

*A. Y. Merrill* and *R. J. Powell,* for appellant.

*Johnson & Jensen, Harris Richardson* and *Harold C. Kerr,* for respondent.

LEWIS, J.

The trial court issued a temporary injunction, enjoining appellant from cutting timber upon certain premises located within the White Earth Reservation, in Becker county.

According to the undisputed facts as presented to the trial court, application was made by one Tom Smith, a mixed-blood Indian, on April 24, 1905, for the lands in question as an additional allotment of eighty acres, under the act of congress approved April 28, 1904. On July 26, 1906, Smith sold and conveyed to appellant company all of the timber standing and growing on the premises, with the privilege of removing the same within two years from that date; the consideration being $500 in cash, $3,700 to be paid on April 1, 1907,

[1] Reported in 121 N. W. 877.

and $4,000 to be paid "upon the removal of the restrictions imposed by the government upon said Tom Smith, one of the parties of the first part, and when Tom Smith's, one of the parties of the first part's allotment to the following described property is approved by the secretary of the interior." On June 21, 1906, an act of congress was passed which provided: "That all restrictions as to sale, incumbrance, or taxation for allotments within the White Earth reservation in the state of Minnesota, now or hereafter held by adult mixed-blood Indians, are hereby removed, and the trust deeds heretofore or hereafter executed by the department for such allotments are hereby declared to pass the title in fee simple, or such mixed bloods upon application shall be entitled to receive a patent in fee simple for such allotments. * * * Act June 21, 1906, c. 3504, 34 St. 353.

On October 6, 1906, Tom Smith executed to appellant a new timber deed, which provided that the final sum of $6,200 should be paid "upon the removal of the restrictions imposed by the government upon said Tom Smith, one of the parties of the first part, and when said Tom Smith's, one of the parties of the first part, allotment to the following described property is approved by the secretary of the interior, and patent is issued conveying to said Tom Smith the fee to the property hereinafter described." The deed also contained the provision that the company should have the right, at any time within a period of two years "from and after the removal of the restrictions aforesaid to enter in and upon the above-described lands with teams and men for the purpose of cutting, hauling, banking, and removing said pine. It being the intention and meaning of this contract that said second party shall have two full years from and after the date of the removal of the restrictions aforesaid in which to cut and remove said pine and the whole thereof."

It appeared from the complaint that on August 19, 1907, Tom Smith and wife conveyed the premises to respondent for the consideration of $80, without any reservation or reference to the timber deeds above mentioned. On June 11, 1908, patent to the land was issued to Tom Smith. In November, 1908, the company went upon the premises with the intention of cutting the timber, claiming to have the right so to do under its timber deed. Respondent claims title

to the land, including the timber, under the deed executed to him, and contends that at the time of the execution and delivery of that deed the time limited in appellant's timber deed had expired, and all right, title, and interest of appellant in and to the timber by reason thereof had terminated.

The principal question before the trial court was to determine what was meant by the term "restrictions," as used in the timber deed. If all restrictions upon the sale of the premises by Tom Smith were removed upon approval of the act of congress on June 21, 1906, then the two years reserved for the removal of the timber expired on June 21, 1908; but if the parties to the second timber deed had in mind other restrictions than simply the act of June 21, 1906, then the time did not commence to run until they were removed. An attempt was made before the trial court to prove that June 21, 1906, was not regarded as the date on which all restrictions were removed, and certain affidavits and letters were produced tending to show that the Interior Department and the Indian agent had construed the act of June 21, 1906, to mean that it was reserved for that department to determine whether applicants for allotments were adult mixed-blood Indians, and, that being the case, that the issuance of the patent was the best evidence and the final act of the government with respect to the application. The question presented to the trial court required, not only the construction of a federal statute, but also the trial of issues of fact. It does not conclusively appear from the record that respondent did not acquire title under his deed, and we find no evidence to indicate an abuse of discretion in staying the hands of the company until the final determination of the case.

Although an answer denies the equities set forth in the complaint, the granting of a temporary injunction rests in the sound discretion of the trial court. Fuller v. Schutz, 88 Minn. 372, 93 N. W. 118.

Affirmed.