# CLARA S. TWITCHELL v. JAMES F. CUMMINGS.[1]

February 11, 1915.

Nos. 18,995—(219).

**Temporary injunction — reversal on appeal.**
This court will not interfere with the action of the trial court in grant-
ing or refusing a temporary injunction, where the evidence as to the facts
is conflicting and no irreparable injury impends.

Action in the district court for Hennepin county to cancel and
rescind certain leases for the removal of sand and gravel from
premises belonging to plaintiff, to enjoin defendant from removing
sand and gravel, and from retaining possession of the premises for
that purpose, and for $1,650 damages. From an order, Waite, J.,
granting defendant's motion to vacate a temporary injunction, plain-
tiff appealed. Affirmed.

*Selover, Schultz & Selover,* for appellant.

*A. E. Helmick,* for respondent.

TAYLOR, C.

Plaintiff appealed from an order dissolving a temporary injunc-
tion, and the sole question for decision is whether she established
such a clear right to the injunction that the trial court exceeded
its judicial discretion in vacating it.

Plaintiff leased five lots in the city of Minneapolis to defendant
for the purpose of removing sand and gravel therefrom, in con-
sideration of specified payments to be made by defendant. She
brought this action to cancel the leases and to enjoin defendant from
removing any more sand or gravel from the lots on the ground that
he had defaulted in his payments, that he had failed to remove waste
material as required by the contract, and that he was insolvent.
A temporary injunction was granted without prejudice to the right

[1] Reported in 151 N. W. 139.

to move to vacate it. Soon thereafter, upon the motion of defend-
ant based upon his answer and certain supporting affidavits, the
court made the order from which the appeal is taken. The facts
asserted by plaintiff are denied by defendant, and the case falls
within the well-established rule that this court will not interfere
with the action of the trial court in granting or refusing a temporary
injunction, where the evidence as to the facts is conflicting and no
irreparable injury impends. A statement of the rule and a refer-
ence to many cases applying it will be found in Minneapolis Gas-
light Co. v. City of Minneapolis, 123 Minn. 231, 143 N. W. 728.

Order affirmed.