## WILLIAM POTTER and Others v. E. A. ENGLER and Another.[1]

August 6, 1915.

Nos. 19,248—(162).

**Injunction — defect of parties.**

1. Plaintiffs seek to enjoin defendants from removing standing timber, sold to defendant by the United States, from certain lands the title to which is in the United States. *Held*, that this action, involving the validity of an existing contract between the United States and defendant, cannot be maintained unless the United States becomes a party thereto.

**Discretion of trial court — reversal on appeal.**

2. The allowance or refusal of a temporary injunction lies largely in the discretion of the trial court, and, unless that discretion is abused, the action of the trial court will be sustained. The trial court is *held* not to have abused its discretion in refusing to grant a temporary injunction.

[1] Reported in 153 N. W. 1088.

---

Note.—As to right to injunction against trespass to cut timber see notes in 22 L.R.A. 233, 43 L.R.A. (N.S.) 262.

Action in the district court for Koochiching county by members of the Chippewa tribe of Indians to enjoin defendants from cutting or removing any merchantable white pine or Norway pine timber from the premises described in the complaint. The answer alleged, among other matters, that the officers of the land office accepted defendant's bid for the timber and that the same was a reasonable price for it; that defendants entered into a contract with the government for the removal of the timber, made the required deposit, and relying upon the contract erected a mill at Baudette in part for the purpose of sawing the timber; and further alleged that the contract had been executed to the knowledge of plaintiffs for more than four years, that no action or proceeding was taken or notice given or claim made to defendants of any illegality, and plaintiffs in allowing defendants to go forward and spend money in reliance on the contract were guilty of laches and were estopped to deny the validity of the contract. An order to show cause why a temporary writ of injunction should not issue to restrain defendants during the pendency of the action, was discharged and the temporary restraining order was dissolved, McClenahan, J. From the order discharging the order to show cause and dissolving the temporary restraining order, plaintiffs appealed. Affirmed.

*George B. Edgerton, Harris Richardson* and *Walter Richardson,* for appellants.

*Fryberger, Fulton & Spear,* for respondents.

SCHALLER, J.

Plaintiffs, who are Chippewa Indians, appeal from an order refusing a temporary injunction to prevent defendants from cutting and removing timber from Indian lands in Koochiching county. The legal title to the lands is in the United States of America. The timber was sold to defendant E. A. Engler under the provisions of certain acts of Congress by the United States for the benefit of the Indians. The proceeds of such sales are, under the acts of Congress, held by the United States as trustee for the Indians.

Bids were advertised for and at the opening thereof defendant Engler appeared to be the highest bidder. Subsequently, by agree-

ment between defendant and the United States, defendant Engler increased the amount of his bid, and thereupon the timber was awarded to him.

Thereafter defendant Engler and defendant Engler Lumber Co. acting for and with him, made preparations to cut and did cut some of the timber claimed to have been purchased by Engler.

This suit is brought by plaintiffs, the beneficiaries, against defendants to enjoin defendants from continuing to cut such timber.

1. The United States is not made a party and has not consented to become a party to the suit. It is argued that, as between plaintiffs and defendants, it is not necessary that the United States be a party, because the interests involved are those of the beneficiaries only. This we cannot concede. Defendants could not avoid the contract even if they desired. The contract between defendant Engler and the United States is valid and binding, and the United States could undoubtedly enforce it. Unless the United States becomes a party to this action so as to be bound by the result thereof, we might have a case of the courts enjoining defendant Engler from doing an act for the failure to perform which the United States could afterward mulct him in damages.

It is conceded that the United States is the only party which could lawfully sell or dispose of the timber in question. The United States assumed to sell the timber to defendant and entered into a contract to that effect. The purchase price must be paid to the United States. Part of it has already been deposited.

The authorities seem to bear out the view that an action of this nature cannot be maintained, unless the United States, which is a party to the contract, and the trustee for the proceeds thereof, also becomes a party to the action. Oregon v. Hitchcock, 202 U. S. 60, 26 Sup. Ct. 568, 50 L. ed. 935; Naganab v. Hitchcock, 202 U. S. 473, 26 Sup. Ct. 667, 50 L. ed. 1113; McKay v. Kalyton, 204 U. S. 458, 27 Sup. Ct. 346, 51 L. ed. 567; Goldberg v. Daniels, 231 U. S. 218, 34 Sup. Ct. 84, 58 L. ed. 191; Disbrow Mnfg. Co. v. Creamery Package Mnfg. Co. 115 Minn. 434, 132 N. W. 913.

The validity of this contract cannot be litigated unless the parties to the contract become parties to the action. We, therefore, hold,

as a matter of law, that the United States not being a party to this suit, it cannot be maintained.

2. The granting of a temporary injunction is a matter that is discretionary with the trial court, and, unless that discretion is abused, the action of the trial court will be sustained. Holmes v. Park Rapids Lumber Co. 108 Minn. 196, 121 N. W. 877; 2 Dunnell, Minn. Digest, § 4490, and cases cited.

The record includes many affidavits and exhibits filed on behalf of both parties and bearing on questions of fact in issue between them. The court, in passing upon the application for a temporary injunction, necessarily has passed on these questions of fact adversely to plaintiffs. An examination of the record does not convince us that the district court abused its discretion in denying the temporary injunction, and we cannot so hold.

Order affirmed.