DAVID M. NEILL v. CITY OF RED WING AND OTHERS.[1]

October 12, 1923.

No. 23,564.

Reversal of order granting or refusing a temporary injunction.

1. An order granting or refusing a temporary injunction will not be reversed, except when the record shows an abuse of discretion. A positive denial of the equities of the complaint does not preclude the court from granting a temporary injunction.

[1]Reported in 195 N. W. 145.

**Rule applies when probable that plaintiff will prove his case.**

2. Where the showing justifies a belief in the court below that plaintiff will probably prove facts on the trial which would entitle him to his relief asked, it is not improper to maintain the status quo pending final decision.

**Issue raised by pleadings might require a full trial.**

3. Whether a city election, authorizing the council to issue and sell bonds, was legally called, was an issue raised by the pleadings which, in the opinion of the court below, might well warrant a full trial.

**Question not to be settled upon affidavits.**

4. Also, whether there had been such delay in issuing the bonds that the authority granted by the election had expired, was a question of fact to determine upon a trial and not upon affidavits.

Action in the district court for Goodhue county to restrain defendant city and its officers from constructing a municipal light and power plant and from offering or selling bonds therefor. From an order, Johnson, J., granting a temporary injunction, defendants appealed. Affirmed.

*Charles P. Hall*, City Attorney, *Thomas Mohn* and *Plato E. Sargent*, for appellants.

*P. B. Green* and *Charles H. Weyl*, for respondent.

HOLT, J.

The appeal is from an order granting a temporary injunction in a suit by a taxpayer of the city of Red Wing to permanently enjoin the city and its officers from erecting a municipal light and power plant and from issuing and selling bonds for that purpose.

The rule is settled that this court will not reverse an order granting or refusing a temporary injunction, unless it is made to appear that the action of the court below was an abuse of discretion. The late cases so holding are: Minneapolis Gaslight Co. v. City of Minneapolis, 123 Minn. 231, 143 N. W. 728; Potter v. Engler, 130 Minn. 510, 153 N. W. 1088; Borough of Belle Plaine v. Northern Power Co. 142 Minn. 361, 172 N. W. 217; Goodrich v. Northwestern Tel. Exch. Co. 148 Minn. 219, 181 N. W. 333. Especially ought that rule to

apply when, as here, it does not appear that any injury will result to either party if the status quo is maintained until the trial on the merits, which readily could have been had before this, if the aggrieved parties had so desired. As the practice has developed, the verified positive denial of the equities set forth in the complaint does not preclude granting a temporary injunction. Ekeberg v. Mackay, 114 Minn. 501, 131 N. W. 787, 35 L. R. A. (N. S.) 909, Ann. Cas. 1912C, 568; Cornell v. Upper Michigan Land Co. 131 Minn. 337, 155 N. W. 99.

Bonds of the sort here in question may be issued by a city council only when it has been so determined by an affirmative vote of three-fifths of the legal voters, voting at a general or special election (sections 1762-1768, G. S. 1913, and amendatory acts). The complaint charges that notices calling the election at which this bond issue carried failed to state certain facts required by the statute to be stated therein. An alleged copy of the notices posted is attached to the complaint, and must be conceded fatally defective. Defendants deny the exhibit to be a copy of the election notices and adduce affidavits that an exhibit they produce, and which admittedly is adequate as to form and contents, is a true copy of those posted. Whether the one or the other is a true copy of the notices actually posted cannot be disposed of with any degree of certainty until the trial. The showing was wholly by affidavits on both sides. No provision of law seems to exist for the filing of copies of such notices or of proof of posting with any city official. If the trial court believed it probable that plaintiff at the trial, when affiants and other witnesses would be subject to cross-examination, could prove that the copy he produced was a correct copy, the granting of the temporary injunction was justified.

There may also be justification on the ground of delay. Nearly 4 years had elapsed since the election without any of the bonds being signed. When it was held, the franchise of a private corporation, furnishing light and power to the city and its inhabitants, was about to expire. There was uncertainty as to a renewal. Since the election the franchise had been renewed or extended for a term of 10 years. Plaintiff contends that the delay has been so unreasonable

that the project to issue bonds and erect the plant must be deemed abandoned, and that the situation has so changed in many respects that the city council is no longer warranted in proceeding under the authority granted by the election held 4 years ago. Defendants, on the other hand, contend the construction cost and the bond market to have been such that business prudence and the best interests of the city called for delay; that the defendants have not abandoned the enterprise, but have employed the time in investigating and inspecting light and power plants built and operated in other cities so as to be able to erect one that will function to the best advantage. They also claim as a matter of law that, once the authority is by a vote of the electors given the city council to issue bonds, there is no limitation as to time within which they may be issued or sold. Our attention is called to Stokes v. City of Montgomery, 203 Ala. 307, 82 South. 663, which held bonds authorized by an election in 1908 could be issued and sold by the city council in 1919. The opinion states that no decisions had been found in point, but cites 5 McQuillin, Mun. Corp. § 2297; Chickaming v. Carpenter, 106 U. S. 663, 1 Sup. Ct. 620, 27 L. ed. 307; State v. Gordon, 217 Mo. 103, 116 S. W. 1099. However, in none was the delay of so long standing as the one in the instant case. With all due regard for the decision of the Alabama court, we submit it hardly applicable to a case of this kind, where the bonds are to issue under the resolution as of a date April 1, 1920, with one-tenth of the whole issue payable in 10 years after date, and under a statute which requires the bonds to mature in not less than 10 years and not more than 30 years from date of issue. An authorization by the electors of a city to the council to issue bonds for a designated purpose ought to imply the limitation that the authority granted must be exercised within a reasonable time. This seems to accord with Woodbridge v. Duluth City, 57 Minn. 256, 59 N. W. 296, holding it a question of fact and not of law whether the authority which a city election had conferred upon the council to issue bonds was at an end after the lapse of two and one-half years.

It is suggested that the erection of the plant should not have been enjoined even if the issue and sale of the bonds might be held up

pending trial. The answer is: The two constitute one project and must proceed, if at all, hand in hand.

We do not consider other grounds urged by plaintiff, for in those already mentioned we find good cause for holding that no abuse of judicial discretion is shown in granting the temporary injunction.

Order affirmed.