## SCHOOL DISTRICT NO. 1 OF ITASCA COUNTY v. H. E. LINDHE AND OTHERS. BUTLER BROTHERS, APPELLANT.[1]

June 21, 1935.

No. 30,259.

[1]Reported in 261 N. W. 486.

*Hougen & Holten,* for appellant.
*Howard W. Anderson,* for respondent.

I. M. OLSEN, JUSTICE.

The defendant Butler Brothers, a corporation, appeals from an order granting a temporary injunction restraining the county board and county auditor of Itasca county from approving or indorsing the application of said defendant to the state tax commission for an abatement or refundment of taxes on part of its personal property listed, assessed, and equalized in and for the assessment district of the village of Cooley in Itasca county, this state. The injunction restrains the county board and county auditor from acting until the final determination of the action or the further order of the court therein. It was granted on the pleadings. Said corporation is hereinafter referred to as the defendant.

The application for abatement or refundment of taxes on part of the personal property of defendant is made under 1 Mason Minn. St. 1927, § 1983. This section gives to the Minnesota tax commission authority to hear and determine all matters of grievance relating to taxation and gives it power to grant such reduction or abatement of assessed valuations or taxes and of any costs, penalties, or interest thereon as it may deem just and equitable, and to order the refundment in whole or in part of any taxes, costs, penalties, or interest thereon which have been erroneously or unjustly paid; provided, however, that application therefor shall be submitted to it with a statement of facts in the case "and the favorable recommendation of the county board * * * and the county auditor of the county wherein such tax was levied or paid."

The granting of a temporary injunction rests largely in the discretion of the trial court. The object of such an injunction is to maintain the existing condition until a trial and decision of the action. Neill v. City of Red Wing, 156 Minn. 467, 195 N. W. 145. The order granting such an injunction will not be reversed here

16

unless it is made to appear that the action of the court below was an abuse of discretion. That rule applies especially where it does not appear that any injury will result to the party enjoined by maintaining the *status quo* until the trial and determination of the action. Minneapolis E. L. Co. v. Federal Holding Co. 161 Minn. 198, 201 N. W. 324. This court will not interfere with the action of the trial court in granting or refusing a temporary injunction where there is conflict in the facts and no irreparable injury impends. Minneapolis Gaslight Co. v. City of Minneapolis, 123 Minn. 231, 143 N. W. 728; Twitchell v. Cummings, 128 Minn. 391, 151 N. W. 139. A temporary injunction is generally denied where the answer fully and positively denies all equities pleaded in the complaint, but that rule is not inflexible. As a general rule, it is a matter within the sound discretion of the trial court. Fuller v. Schutz, 88 Minn. 372, 93 N. W. 118; Miller v. Jensen, 102 Minn. 391, 113 N. W. 914; Watters v. City of Mankato, 106 Minn. 161, 118 N. W. 358.

In the present case the defendant, as shown by the complaint, listed for taxation in the village of Cooley in Itasca county some 400,000 tons of mined iron ore. The listing was made by the defendant, by its vice president, and duly verified. It listed the property as located in School District No. 1 of said county. Taxes were duly levied upon the ore so listed, for the year 1933, on the assumption that the property described was properly listed in School District No. 1, as therein stated, and at the tax rate duly provided for property located in said school district. Not until January 18, 1934, did the defendant make application for an abatement or refundment of part of the taxes levied and equalized on said property. From the answer it appears that defendant voluntarily paid the tax after it had full knowledge of all the facts and of the alleged error.

The complaint for an injunction is quite lengthy and recites substantially the facts as we have stated them. It further recites that if the application is indorsed by the county board and county auditor at this time it will result in a loss to plaintiff of the tax asked to be abated or refunded; that the application is too late and that

defendant should have made application to the board of equalization for the correction of the error in the listing. It is further alleged that the credit of the plaintiff will be endangered and impaired if the application be now permitted to be approved by the county board and county auditor; that the plaintiff is informed and believes that the county board is about to approve the application for abatement unless restrained by the court; that such approval will then be followed by the tax commission and a refundment order; and that plaintiff has no adequate remedy at law.

In January, 1934, defendant presented its application, directed to the county board and county auditor of Itasca county and the Minnesota tax commission, for a refund of some $8,000 for taxes paid on the property. The statements in said application briefly are: That 183,840 tons of the ore so listed for taxation should have been assessed and taxed in School District No. 2 instead of in School District No. 1, and that thereby the defendant paid some $8,000 more in school taxes than it would have had to pay if said ore had been properly listed in School District No. 2; and that defendant had no knowledge of said error until after the same was equalized and returned to the county auditor by the Minnesota tax commission. The sole ground for relief, as stated in the application, is the error so alleged to have been made in the number of the school district wherein said portion of the ore should have been listed for taxation.

It appears to be the general rule that injunction will not be granted against public officers to restrain them from exercising discretion where they are intrusted with discretionary power, and that such officers will not be restrained from performing official acts which they are by law required to perform or acts which are not in excess of the authority and discretion reposed in them. Nevertheless it is a rule of very general application that where public officers are acting in breach of trust or unlawfully or without authority or threatening to do so and such acts will result in irreparable injury, they may be enjoined. 32 C. J. § 383, pp. 240-241; 32 C. J. § 384, pp. 242-243.

18

If the complaint in this action states facts sufficient to show that the defendant has no right in equity to have any refundment of this tax, then the action of the trial court in granting a temporary injunction should not be disturbed. It is not a case where there is much dispute as to the facts, and it is not a case where the answer fully and positively denies all matters of equity pleaded in the complaint. The application for refundment is brief. It is not definite as to the exact location of the property. It gives no excuse for delay in making the application or in failing to go before the board of equalization, which had the authority to correct the error if there were any error. It does not set out in which school district, if either, the defendant resides or has its place of business, or if this mined ore was properly taxable against the owner at its place of residence or the place where it was doing business. We think it comes well within the holding in the case of State v. Bell, 111 Minn. 295, 126 N. W. 901, that, in the absence of a showing that the property was listed for taxation in the district in which defendant resided, or that it was listed more than once for taxation, the question of the *situs* of the property is not presented.

The tax commission, under the statute, has authority to order refundment of taxes "erroneously or unjustly paid." The defendant having voluntarily paid the tax after it had full knowledge of the claimed error in the assessment, it cannot well be held that the tax was "erroneously" paid. The defendant, having the choice at that time of voluntarily paying the tax, paying it under protest, or refusing to pay it, chose to pay voluntarily. It could refuse to pay and seek relief if payment were enforced. There would then be no voluntary payment. Neither does it sufficiently appear that the tax was unjustly paid.

Some point is made by defendant that there is no sufficient showing that plaintiff will suffer irreparable injury in case a refund should be ordered. It is clear that it would lose the $8,148.74 and have no means of recovering same. The fact that it could levy an additional tax at some future time and shift the loss to its taxpayers does not affect the situation.

No special loss will result to either party by preserving the *status quo* until the trial of the case. At this stage of the proceeding we are not deciding the merits of the action further than to hold that on the record presented there is no sufficient showing of any abuse of discretion by the trial court in granting a temporary injunction.

Order affirmed.