SAMUEL LANDIS, Executor, &c., Respondent, vs. FREDERICK A. OLDS, et al, Appellants.

APPEAL FROM THE DISTRICT COURT OF OLMSTED COUNTY.

In case of the death of a Plaintiff in a suit pending under *sec.* 37, *p.* 535, *Comp. Sts.*, the successor in interest of the subject of the litigation may be admitted as Plaintiff on motion, when the title to the subject matter of the litigation as well as the person entitled may be disputed.

Where a party in his notice of motion served on the adverse party asks for a specific relief, and for such other and further order or relief as may be just, the court may afford any relief compatible with the facts of the case presented. This rule, however, should not be so applied as to operate as a surprise upon the opposite party, or to deprive him of the privilege of being heard in argument and by proof as to the further relief to be granted.

Points and authorities for Appellant.

I. Before the act of 1853, (*Comp. Sts.*,     ,) abolishing the Court of Chancery, the practice in actions pending in equity upon the death of the sole Plaintiff after decree passed, was to revive the action by *Bill of Revivor*, strictly so called, in all cases where the interest of the deceased was transmitted to that representative which the law gives or ascertains as the heir, executor or administrator, where the title could not be disputed; but the person in whom the title vested was alone to be ascertained. *Story's Eq. Pl.*, secs. 364–366, 368, 374. In such case there was no other fact to be ascertained than whether the new party had the character stated.

In case it was necessary to allege any other fact on which issue might be taken, then the practice was to revive the action by *Original Bill in the nature of a Bill of Revivor*, and this was the proper course whenever the title to the subject matter of the litigation as well as the person entitled might be disputed. A devisee or legatee was required to revive by the last named bill,

Landis v. Olds, et al.

as they took by purchase and not by representation.  *Story's Eq. Pl.*, secs. 377 *to* 386 *inclusive*; 3 *Daniells' Ch. Pr.*, 1718, 1721; 2 *Maddock's Ch.*, 400, 401; 3 *Mason*, 508; 3 *Paige*, 164.

II. By the provisions of our statute, *Comp. Sts., p.* 535, *sec.* 37, an action of this kind does not abate by the death of the Plaintiff. Hence it need not be revived.  But some proper successor in interest must be admitted to continue it.  The admission may properly be by motion, if the person asking admission could have revived the case under the former practice by *Bill of Revivor.* But it is respectfully submitted that he ought not to be admitted on motion if, under the former practice in equity, he could revive the suit only by an *Original Bill, in the nature of a Bill of Revivor ;* that is, when the opposite party has the right to litigate the title of the applicant to the subject matter.  12 *Wend.*, 602; 2 *Paige*, 122; 8 *Id.*, 104; 1 *Barb. Ch.*, 639; 11 *Wend.*, 259, 671.

Points and authorities for Respondent.

I. The order was properly granted by the court below, and is provided for by the following sections: *Comp. Sts., sec.* 37, *p.* 535; *secs.* 19, 20, *p.* 480; *sec.* 12, *p.* 438; *sec.* 34, *p.* 614.

II. If it appears from all the papers before the court that the Plaintiff, Samuel Landis, would, by pursuing any other course of proceedings, be entitled to the same order that has been appealed from, he ought not to be put to additional expense, and caused additional delay to obtain that order, unless the Appellant shall make it appear that he will be injured by allowing the order appealed from to stand.

CHARLES C. WILSON, Counsel for Appellant.

L. BARBER, Counsel for Respondent.

*By the Court*—ATWATER, J.—This is an appeal from an order setting aside a mortgage sale, and substituting Samuel Landis as Plaintiff in place of John P. Leebrick, deceased. The action was commenced by Leebrick against Olds and others to foreclose a mortgage executed by Olds to Leebrick. A judgment and decree was entered in favor of the Plaintiff for the sale of the premises, and the premises (situated in Olmsted county, Minnesota,) were sold on the 29th day of September, 1862, by Horace Loomis, the referee appointed to make such sale. The Plaintiff resided in Pennsylvania. The Plaintiff died on the 24th day of September, 1862. A part of the premises were struck off to the Plaintiff, (through L. Barber, his attorney,) and a part purchased by Barber in his own name. Leebrick left a will appointing Samuel Landis his executor. It appears that the will was admitted to probate in the proper county in Pennsylvania, and letters testamentary duly issued to Samuel Landis as executor, and that an authenticated copy of said will and letters testamentary were filed in the office of the Probate Court in and for the county of Olmsted, by Landis for probate, and that thereupon letters testamentary were duly issued by the Probate Court of Olmsted county to Samuel Landis, and that said Landis has accepted the trusts and duties imposed upon him by the will of Leebrick and the letters testamentary. It also appears that Barber, at the time he bid at the sale for Leebrick and himself, did not know of the death of Leebrick. Upon an affidavit of the Plaintiff's attorney, and other evidence disclosing these facts, the court ordered that the sale be set aside, and that Samuel Landis be substituted as Plaintiff in the action.

So far as the setting aside the sale was concerned, there can be no doubt but that the order was correct. The amount of property bid in by Leebrick at the sale, as appears by the referee's report, was nearly twelve thousand dollars, and the amount bid in, in the name of his attorney, twelve hundred. As to that bid in, in the name of Leebrick, of course no title could pass by the sale,

Landis v. Olds, et al.

as he was not then living.   As to that purchased by his attorney the reason would not be as strong for setting the same aside; but in view of the fact that the purchase was made on the supposition that the Plaintiff was living, and of the confidential relations existing between the attorney and client, and of the comparatively small amount of property purchased by Barber, we think there was no error in setting aside the sale entirely, and especially as there is nothing to show that the Defendants will be prejudiced thereby.

With reference to the substitution of the executor as Plaintiff in the action, the Defendant urges that the same could not properly be done on motion, but that the proper course was for the party to file his complaint for that purpose, in analogy to the " Original Bill in the nature of a Bill of Revivor."   And this, on the ground that the title to the subject matter of the litigation, as well as the person entitled, (under the terms of the will) might be disputed.

The statute provides (*Comp. Sts., p.* 535, *sec.* 37,) that " an action does not abate by the death, marriage, or other disability of a party, or by the transfer of any interest, if the cause of action survive or continue.   In case of the death, marriage or other disability of a party, the court on motion may allow the action to be continued by his representative or successor in interest." Although the statute in terms is permissive and not mandatory of the substitution, yet it is not to be understood that the court is at liberty to exercise an arbitrary discretion in regard thereto, but (in case of death, at least, of the Plaintiff, where the action cannot proceed without substitution) it should always be allowed unless good cause be shown to the contrary.   In case of the death of the Plaintiff, his executor would usually be entitled to substitution, though not necessarily so, as he might not be the " successor in interest" of the particular property in litigation.

No objection is made in this case as to the sufficiency of the proof in regard to the appointment and qualification of the executor, but it is urged that he is not the only successor in interest of the mortgage debt.   This claim is based on two clauses in the

will, which it is urged are repugnant to each other, and that being so, the first must be rejected. In the first, the testator declares, "I will that my executors shall sell the balance of my personal property as soon as convenient after my decease." In another part of the will it is declared, "I will the sum of fifty dollars to be applied towards the education of Henry C. Fairchild; the balance of my estate, real, personal, and mixed, I will unto my two sons, John E. and George T., share and share alike."

Taking the whole will together, I do not think there is any repugnancy in these provisions. The testator, in the first place, devises certain specific personal property to his daughter. He then orders that his executors shall sell the balance of his personal property. He then makes specific devises of real estate to his two sons. He then orders that all the balance of his property shall be divided between his two sons. The instrument is to be so construed as to make every part effectual, so far as it can be done. The proceeds of the sale of the personal property which the executors were ordered to make, would be assets of the estate, subject to division, according to the last above cited clause of the will. It is true, the testator has not used the words "proceeds of the personal estate" in this clause, but I think the intent and meaning of the testator, as fairly deduced from the whole instrument, was to vest the executor with the title to all the personal estate, except such as was specifically devised to the daughter. If this be true the executor was the "successor in interest" of the testator in regard to this debt, and was properly substituted as Plaintiff.

But we think the distinction suggested by Appellant not well taken, to wit, that the admission may properly be by motion if the person asking admission could have revived the case under the former practice by Bill of Revivor, but that he ought not to be admitted on motion, if, under the former practice in equity, he could revive the suit only by an Original Bill in the nature of a Bill of Revivor. The statute declaring that no action shall abate on account of any disability, (where the cause of action continues) there can be no occasion to revive it, either by Bill of Revivor or

by Original Bill, in the nature of such bill.  Manifestly it was the intent of the statute to sweep away this expensive and cumbersome machinery of the old system, and in all cases allow the admission of Plaintiff on motion.  Under the old system the Defendant, of course, was allowed to contest the facts set up in either of these bills by answer, and proofs were taken upon the issues joined. Under this statute also he may contest the facts set forth in the motion papers, and so far as the nature of the proof is concerned, to wit, by affidavits, rather than the production of witnesses in court, and trying the issue before a jury, the objection is applicable to the one case as well as the other; that is, where the person only entitled to admission is in question, or where, in addition thereto, the title to the subject matter of the litigation might be disputed.  If the nature of the proof be sufficient or allowable in the one case, no valid reason can be assigned why it should not be in the other, even though more intricate questions might arise in the latter case than in the former.  The admission of a Plaintiff on motion could scarcely involve the decision of more important questions than are determined by the court in the same manner in other cases, as the issuance of writs of attachment, injunction, &c.

It is further objected that even if the will be not repugnant, Landis should not be substituted as Plaintiff, inasmuch as he is enjoined to sell the personal property, which he should proceed to do, and the purchaser be substituted.  It is sufficient to observe with reference to this objection that the Defendant has nothing to do with that question.  All that concerns him is to know that Landis is the successor in interest of the former Plaintiff in this debt.  If he does not properly execute the trust reposed in him, there is a proper tribunal where he may be called to account by those whose rights are prejudiced by his violation of duty.

It is further urged that the order should be reversed, from the fact that the notice of motion on which the order is founded contains no demand for the specific relief that Landis be substituted as Plaintiff in the case.  This objection is not well taken, or rather the omission in the notice complained of is not fatal to

the order. The notice of motion asked as specific relief that the sale be set aside and vacated, " and for such further or other order in the premises as to the Court shall seem meet and proper." In addition to the facts necessary to be shown in order to the granting of the specific relief asked for, those were also presented which were proper to be considered upon the question of the admission of Landis as Plaintiff. Accompanying the notice of motion were copies of an authenticated copy of the last will and testament of Leebrick, an authenticated copy of letters testamentary issued by the register of wills, of the proper county, in Pennsylvania, to Samuel Landis, as executor; the certificate of the probate of the said will in the county of Olmsted, and letters testamentary issued by the judge of said county, &c. So far as the facts were concerned, therefore, which were presented on this motion, they were not only sufficient to authorize the admission of Landis, but probably all that could or would have been required had this specific relief been asked in the notice of motion. It is doubtless the best practice for the moving party to ask in terms for the relief he seeks, but courts have often exercised the power of granting further relief than that specifically asked, under the general prayer for relief, whether the power be exercised in regard to bill in equity or on motion. In *Martin vs. Kanouse*, 2 *Abb. Pr. R.*, it was held, that where a motion to dissolve an injunction, " and for such other and further relief," &c., was denied at special term, and the general term on appeal ordered a new Defendant to be joined in the action, this order was regular, being authorized by the prayer for other relief. See also 14 *How.*, 360; 7 *How.*, 449; 1 *Code N. S.*, 400; 1 *Cal.*, 152.

The rule on this subject that seems to have been generally adopted is, that where a party, in his notice of motion served on the adverse party, asks for a specific relief, and for such other and further relief or order as may be just, the court may afford any relief compatible with the facts of the case presented. The court will see, however, that this rule shall not be so applied as to operate as a surprise in any respect upon the opposite party, or to deprive him of the privilege of being heard in argument and by

proof as to the further relief to be granted. In this case it appears that the counsel for the Defendant was heard on the motion, and as he does not claim that he was surprised by the order for the admission of Landis as Plaintiff, or that any facts exist which would prove such admission improper, if opportunity were given to present them, there is no ground for reversing the order upon the objection here made. As above shown, the court has a discretion in the matter, and in this case it appears to have been properly exercised.

The order below must be affirmed.