<hr />

## C. C. SPOTTSWOOD *vs.* MARY M. HERRICK.

### April 24, 1876.

**Indefinite Complaint—Demurrer.**—The complaint in this case, though flagrantly
  indefinite and uncertain, *held*, as against a demurrer, to state facts consti-
  tuting a cause of action.

**Money Had and Received—Foreclosure by Advertisement for more than the
  Amount Due on the Mortgage—Action by Mortgagor for Excess Paid on
  Redemption.**—S. was owner in fee of certain real estate, subject to a mort-

gage to H., on which $167.00 was paid on account of interest. H., claiming in her notice of sale that the full amount of the principal and interest of the mortgage, as they appeared upon its face, was due at the date of the notice, foreclosed the mortgage upon the basis that no part of the principal or interest had been paid, and the mortgaged premises were sold for the full amount of the principal and interest, as such amount, and not otherwise. S., in the exercise of his right of redemption, having been compelled for the use and benefit of H. to pay the full amount of the principal and interest of the mortgage, without any deduction on account of the payment of the sum of $167.00, is entitled to recover said sum from H. in an action for money had and received.

Appeal by defendant from an order of the district court for Kandiyohi county, *Vanderburgh,* J., presiding, overruling a demurrer to the complaint.

*Horace W. Brown,* for appellant.

*B. F. Jenness* and *S. L. Pierce,* for respondent.

BERRY, J. The material facts set up in the complaint as the second cause of action are these : The plaintiff was owner in fee of certain real estate, subject to a mortgage to defendant, on which $167.00 was paid on account of interest. The defendant foreclosed the mortgage, by advertisement and sale of the mortgaged premises for the full amount of the principal and of the interest thereon from the date of the mortgage to the day of sale, besides costs of foreclosure, without applying the payment, or making any deduction for it. The plaintiff, (in the language of his complaint,) " in the exercise of his right to redeem said premises from said foreclosure sale, was compelled to pay, and did pay, * * * for the use and benefit of " the defendant, " in addition to all other sums, the said sum of $167.00, already paid." The defendant interposed a general demurrer.

The statement of the cause of action demurred to is so flagrantly indefinite and uncertain that it might properly have been stricken out upon motion, or an amendment of it required, under Gen. St. ch. 66, § 90. But as against a demurrer we think it can be sustained. The complaint may be taken as alleging, in substance, that the defendant foreclosed the mortgage upon the basis that no part of its prin-

cipal or interest had been paid, and that the mortgaged premises were sold for the full amount of the principal and interest, as such amount, and not otherwise. This construction would embrace the implication that the defendant, in her notice of sale, claimed that the full amount of the principal and interest, as they appeared upon the face of the mortgage, was due at the date of the notice. By Gen. St. ch. 81, § 13, the plaintiff was authorized to redeem the property sold "by paying the sum of money for which the same was sold, together with interest on the same." This rendered it necessary for the defendant in this case, in order to save his property by a redemption, to pay the full amount of the principal and interest of the mortgage for which the mortgaged premises were sold, without any deduction on account of the payment of the sum of $167.00. As it is alleged that the redemption money was paid "for the use and benefit of" defendant, it is to be presumed that she held the certificate of sale, and was, therefore, entitled to the redemption money, and that such money was paid to her directly, or to the sheriff for her. If it was paid to the latter, he had the right (unless stopped by some legal proceedings) to assume that the amount claimed in the notice of sale to be due upon the mortgage was correct, and to pay over the redemption money accordingly. Whether the defendant received the redemption money from the plaintiff directly, or through the sheriff, she would receive $167.00 for interest, which have already been paid to her, and which she ought to have deducted from the interest appearing to be due upon the face of the mortgage.

The case is, then, manifestly one in which the defendant has received money of the plaintiff, which, in good conscience and equity, she ought to pay over to him. Upon the pleadings, then, the plaintiff is entitled to maintain this action, in which he seeks to recover said sum of $167.00, as an action for money had and received.

Order affirmed.