CARRIE M. JOHNSON v. DAVID D. STEWART.

December 20, 1898.

Nos. 11,284—(159).

**Foreclosure—Assignment of Certificate of Sale—Action for Surplus by Mortgagor.**

The mere fact that the mortgagee assigns his certificate of foreclosure sale, on being paid the amount of his bid and interest thereon to a third party, at the request of the mortgagor, does not estop the latter from recovering the surplus which the mortgagee retained from the proceeds of the foreclosure sale.

Action in the district court for Hennepin county to recover $102, the amount of the attorney's fee and expenses of sale on foreclosure of mortgage by advertisement, on the ground that no affidavit of costs and disbursements of sale was filed within the statutory time. From a judgment in favor of plaintiff for $100, entered pursuant to the order of Harrison, J., defendant appealed, Affirmed.

*S. A. Reed,* for appellant.

A conveyance of the equity of redemption includes the right to the surplus in the foreclosure sale. Brown v. Crookston Agric. Assn., 34 Minn. 545; Ness v. Davidson, 49 Minn. 469; Fagan v. Peoples Sav. & L. Assn., 55 Minn. 437. Plaintiff is estopped to recover the surplus, as the assignment of the certificate was made at her request. Erkens v. Nicolin, 39 Minn. 461; Perkins v. Trinka, 30 Minn. 241; Hall v. Wheeler, 37 Minn. 522; Shane v. City of St. Paul, 26 Minn. 543.

*Smith & Smith,* for respondent.

START, C. J.

This is an action to recover a surplus remaining in the hands of the defendant on the foreclosure under a power of sale in a real-

estate mortgage executed by the plaintiff to the defendant. Judgment for the plaintiff, from which the defendant appealed.

This case is essentially the same, in fact and principle, as the case of Perkins v. Stewart, infra, heard at the same time, and is ruled by it, with one exception. In this case the plaintiff, some ten months after the foreclosure sale, conveyed her equity of redemption in the mortgaged premises to a third party, and upon her request the defendant assigned to him his certificate of sale on the mortgage foreclosure, upon being paid the amount of his bid and interest. Other than this, the facts in the two cases are identical, except as to names, dates and amounts.

The defendant claims that the plaintiff is estopped to recover the surplus, because he assigned the certificate at her request. The defendant did not assign the certificate in reliance upon any representation, direct or otherwise, by the plaintiff, as to the surplus, and there was no element of estoppel in the transaction. It was simply one in which the defendant, before the expiration of the time for redemption, was paid the amount due on his certificate, and, instead of giving a certificate of redemption, he, at plaintiff's request, assigned the certificate to a third party. True, he was not bound to do so, but the naked fact that he did, in no manner affected the plaintiff's right to recover the surplus. She had the same right to recover the surplus after the assignment as she would have had if she had redeemed. See Spottswood v. Herrick, 22 Minn. 548.

Judgment affirmed.