JOHN EKEBERG v. W. L. MACKAY and Others.[a]

June 9, 1911.

Nos. 17,016—(114).

**Foreclosure of mortgage — notice of sale — injunction.**

A substantial overstatement of the mortgage debt in a notice of sale given in a foreclosure by advertisement is sufficient ground for temporarily enjoining the sale.

**Temporary injunction — conflict of evidence.**

Where the verified statements of fact submitted on a motion for a temporary injunction are conflicting, whether such statements are contained in affidavits or pleadings, the court may decide what facts are made to appear thereby, for the purpose of determining whether sufficient grounds exist for a temporary injunction.

**Granting temporary restraining order.**

The allowance of a temporary injunction rests largely in judicial discretion, having regard to the relative injury and inconvenience which may be likely to result to the parties, respectively, in view of the facts of the particular case, from the allowance or disallowance of the writ.

**Discretion of court.**

Under the circumstances of this case, and upon the affidavits submitted, the trial judge, in issuing a temporary injunction against a sale in foreclosure by advertisement, acted within the limits of such judicial discretion.

Action in the district court for Koochiching county to enjoin defendants from further proceedings in the foreclosure of a certain mortgage under the power of sale therein contained, until the amount due and owing thereunder should be ascertained and determined by court and for a temporary injunction pending trial. From an order, Stanton, J., providing among other things that "the said defendants and all persons acting under them refrain from selling any of the property under the mortgage described in the complaint herein, until the final determination of the above entitled action," defendants appealed. Affirmed.

*Courtney & Courtney,* for appellants.

*Franz Jevne* and *Kane & Palmer,* for respondent.

[1] Reported in 131 N. W. 787.

SIMPSON, J.

The plaintiff, being indebted to Stone-Ordean-Wells Company and F. A. Patrick & Company, corporations, and expecting to become further indebted to these corporations by purchases of goods, on February 6, 1908, executed a real estate mortgage to the defendant Mackay, as trustee, to secure the payment of such indebtedness at the time at which the same might become due, to an amount not to exceed $4,500. The mortgage contained the usual power of sale in case of default in payments. The mortgagee, on August 26, 1910, because of a default in the payment of $4,388.81 claimed to be due, gave the statutory notice that the mortgaged premises, would be sold by the sheriff October 15, 1910, to pay the amount so claimed to be due and costs of foreclosure. Thereafter the plaintiff brought this action against the mortgagee and the sheriff, alleging that the amount of the indebtedness secured by the mortgage did not exceed $3,800, and asking that the defendants be enjoined from selling the mortgaged property pursuant to the notice of sale above referred to. At the same time the plaintiff gave notice that on a day prior to the date fixed for the sale of the mortgaged property he would move the court for an injunction restraining the defendants from selling the mortgaged premises until the determination of the action.

An answer was interposed by the defendants, accompanied by affidavits alleging and tending to support the claim that the amount of the indebtedness, to secure which the mortgage was given, was in fact the amount claimed and stated in the foreclosure notice, and that the marketable value of the mortgaged property was less than such amount, and that, if restrained from selling the property, it might be impossible to collect the balance of the indebtedness remaining after the application of the proceeds of the sale. After the hearing, the court made its order granting plaintiff's motion. From such order, defendants appeal to this court.

Two questions are involved in the claim made by the appellants that the court erred in granting a temporary injunction: First, whether a substantial overstatement of the amount of the mortgage debt in a notice of sale in foreclosure by advertisement is sufficient ground for restraining the sale until the true amount is inserted in

the notice, or, if in dispute, is ascertained upon trial; and, second, the sufficiency of the showing made to establish such an overstatement.

1. The claim made by the plaintiff is that the notice of sale published by the mortgagee overstated the amount of the mortgage indebtedness more than $500; this sum being more than ten per cent. of the whole debt. It seems, both upon principle and authority, that, upon motion of the mortgagor, a sale under notice which to such an extent overstates the indebtedness may be temporarily enjoined, pending a final determination of the true amount of the mortgage indebtedness. A sale made pursuant to such a notice is likely to work serious injury to the mortgagor, and is wholly beyond the right conferred on the mortgagee by the power of sale in the mortgage and the statute. For the resulting injury the mortgagor has no adequate remedy.

A remedy at law, to exclude appropriate relief in equity, must be complete and the substantial equivalent of the equitable relief. "It is not enough that there is a remedy at law. It must be plain and adequate, or, in other words, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." Boyce v. Grundy, 3 Pet. 210, 7 L. ed. 655; Rich v. Braxton, 158 U. S. 375, 15 Sup. Ct. 1006, 39 L. ed. 1022. It is true the mortgagor would have a cause of action for the excess and he might redeem from the sale; but a right to recover a sum of money from the mortgagee where he may be found is not an adequate remedy for being deprived, without necessity or warrant, of such sum of money, or having a lien therefor wrongfully impressed on property. Nor does the right to redeem from the sale adequately protect the mortgagor. In order to make the statutory redemption, the full amount for which the property sold, with interest, must be paid, even where the foreclosure was for more than was actually due on the mortgage. The situation of a mortgagor does not warrant the assumption that he can certainly command means to make a redemption for such excessive amount.

The well-established rule is that the allowance of a temporary injunction rests largely in judicial discretion, to be exercised with

regard to the relative injury and inconvenience which may be likely to result to the parties, respectively, from the allowance or disallowance of such relief, in view of the facts of the particular case. Within this rule, the right of a mortgagor to a temporary injunction to prevent a sale of his property for a sum substantially in excess of the mortgage debt seems clear.

The propriety of issuing a temporary injunction in such case has been clearly recognized in this state. In Bidwell v. Whitney, 4 Minn. 45 (76), it was held that an action at law to recover the excess for which the property was sold on foreclosure would not lie, because the sale was in accordance with the express terms, though not the legal effect, of the mortgage, and that, therefore, an injunction against the foreclosure was the exclusive remedy. In Dickerson v. Hayes, 26 Minn. 100, 1 N. W. 834, it was held that a mortgagor, by failing to enjoin a foreclosure sale made for an amount in excess of the actual indebtedness, thereby forfeited the right to maintain an action in equity to redeem from the sale by payment of the actual debt; the mortgagee having bid in the property. In this case there were no circumstances depriving the mortgagor of his legal remedies, an action for the excess and a statutory redemption. In Gerdes v. Burnham, 78 Minn. 511, 81 N. W. 516, this exact question was before the court. The action was brought to restrain a sale because of an excessive mortgage indebtedness claimed in the notice. A temporary injunction was issued, and upon the trial the amount of the mortgage debt was ascertained, and the mortgagee was enjoined against foreclosing for a greater amount than the sum so ascertained to be due.

There seems to be a substantial uniformity in the authorities in other states to the same effect. Jones, Mortgages, § 1813; 27 Cyc. 1456; Carey v. Fulmer, 74 Miss. 729, 21 South. 752; More v. Calkins, 85 Cal. 177, 24 Pac. 729; Gooch v. Vaughan, 92 N. C. 610; Alston v. Morris, 113 Ala. 506, 20 South. 950.

Section 4260, R. L. 1905, does not limit the right of the court to issue a temporary injunction after hearing against a foreclosure sale by advertisement. This section provides that a temporary injunction shall be "granted only upon motion or order to show cause,

but the defendant may be restrained by order until the decision of the court or judge granting or refusing the same. It may be granted at the time of commencing the action, or at any time afterwards before judgment, upon its appearing satisfactorily to the court or judge, by affidavit, that sufficient grounds exist therefor. A copy of the affidavit must be served with the injunction. But no order restraining a sale of real estate upon execution or foreclosure by advertisement shall be made unless the rights of the applicant would be prejudiced, nor unless a satisfactory excuse be shown for the failure to apply for the injunction in time for a hearing upon notice before the day of sale." The limitation concerning orders restraining sales in foreclosures by advertisement clearly applies to restraining orders issued pending the hearing of the motion or order to show cause for a temporary injunction. A reference to the prior statute —section 5348, G. S. 1894—makes this meaning even more apparent.

The plaintiff was therefore entitled to a temporary injunction if the defendants were about to sell the mortgaged property for an amount substantially in excess of the mortgage indebtedness.

It remains to consider the second question—whether the fact that the mortgagee was attempting to sell the property for an excessive amount was sufficiently established upon the hearing.

2. From an examination of the moving papers and answer, and affidavits submitted at the hearing of the motion for a temporary injunction, it appears that the statements in reference to the amount of the indebtedness covered by the mortgage are in direct conflict. Under these conditions it was for the court to decide what facts were established by the conflicting statements, for the purpose of determining whether sufficient grounds existed for the issuance of a temporary injunction. The rule referred to by counsel, that a temporary injunction will not issue if an answer is filed denying the equities of the complaint, would seem to have arisen where the practice prevailed of granting or dissolving temporary injunctions solely upon the bill and answer. The injunction thus depending on the pleadings, its issuance would be governed largely by rules of pleading. But where, by statute, the basis of the writ is an affidavit, the due issuance of the injunction depends on proof of facts. The complaint and

answer, as pleadings, determine whether the action is one in which an injunction may issue; but the complaint and answer, like other verified statements, directly support or oppose the motion for the injunction as affidavits, not as pleadings. Therefore, in the allowance or disallowance of a temporary injunction in a proper case after answer, the controlling consideration is the sufficiency of the answer to negative the equities of the complaint as a matter of proof, rather than as a matter of pleading.

Under our early statute the writ issued on filing a complaint; later, upon a petition or affidavit. In the early case of Montgomery v. McEwen, 9 Minn. 93 (103), the rule was applied: "If the answer in this case be a full denial of the plaintiff's equities, the injunction was improperly granted, since the petition discloses no equities on the part of the plaintiff other than those appearing in the complaint." But later, in Fuller v. Schutz, 88 Minn. 372, 93 N. W. 118, it is stated: "There has been of late much relaxation in the application of the rule that a denial by answer of the equities upon which a temporary injunction is asked requires the court to refuse the order, where it appears that such refusal might work an injury, and it is not left absolutely to the pleader to control and foreclose the judgment of the court in this respect." Miller v. Jensen, 102 Minn. 391, 113 N. W. 914.

In Watters v. City of Mankato, 106 Minn. 161, 118 N. W. 358, the rule is stated: "The question of granting or retaining a temporary injunction depends upon the nature and circumstances of each particular case, and, as a general rule, it is a matter within the sound discretion of the trial court." Indeed, the statute quoted above (section 4260, R. L. 1905), providing that "upon its appearing satisfactorily to the court or judge, by affidavit, that sufficient grounds exist therefor, a temporary injunction may issue," permits of no other construction of the province of the court in passing on the motion. Therefore, under the statute and the established practice, upon a motion for a temporary injunction, where there is a' conflict in the verified statements, whether in pleadings or affidavits, the right to resolve the conflict and determine what facts will probably be estab-

lished on the trial rests with the court to the same extent as in the case of other questions determined upon affidavit.

In the present case the amount of the mortgage indebtedness is peculiarly open to question. It appears that the indebtedness is made up largely of charges for goods sold and delivered at the reasonable value of such goods, as determined by the seller; that the accounts extend over a period of several years before and after the execution of the mortgage. In the aggregate indebtedness are included two separate accounts with two separate companies. It is not claimed that the aggregate balances or the charges for all the separate items were ever agreed upon between the mortgagor and mortgagee. Included in the account are interest items charged on claimed overdue balances. Upon the conflicting affidavits submitted, it was clearly a matter for the trial court to determine whether or not it was probable that upon the trial the true indebtedness covered by the mortgage would be established at a sum substantially less than the amount claimed in the foreclosure notice. Such determination and the issuance of the temporary injunction based thereon were matters within the discretion of the trial court, and no abuse of that discretion appears from the record.

Counsel urges that the resulting delay in the foreclosure of the mortgage destroys, to a great extent, the value of such security. It is true that the foreclosure by advertisement of a mortgage is a simple, inexpensive, and expeditious remedy, and its proper use should not be restricted. A trifling discrepancy between the amount claimed to be due in the notice and the actual indebtedness would not constitute sufficient grounds for an injunction, and unless the showing made upon consideration of the moving and opposing papers is sufficient to satisfy the trial judge that the actual indebtedness will probably be established upon the trial of an amount substantially less than the amount claimed in the notice, an injunction should not issue; otherwise, the statutory remedy given to the mortgagee would be rendered uncertain, and subject to the control of a dishonest, or even a careless, mortgagor. On the other hand, if it is fairly made to appear that a mortgagee is seeking, through an improper use of the statutory proceeding, to sell the mortgagor's property for

an amount substantially in excess of the mortgage debt, the mortgagor is entitled to the reasonable and effective remedy afforded by an order restraining the sale until the true amount of the indebtedness is ascertained. The statute and the general rules of equity procedure place upon the court the duty of determining, in the exercise of a sound judicial discretion, under what circumstances and upon what degree of proof such remedy is warranted. It cannot be assumed that the court, in the exercise of the power thus conferred, will lightly or on insufficient grounds, interfere with the exercise of the right of foreclosure by advertisement.

Order affirmed.

BROWN, J. (dissenting.)

The decision in this case that a substantial overstatement of a mortgage debt in a notice of foreclosure is a sufficient ground for an injunction restraining the sale, without a showing of injury or damage, irreparable or otherwise, likely to result therefrom to the mortgagor, is a departure from the general principles of equity jurisprudence as I understand them. The elementary rule is that equity will not interfere with proceedings at law, except to prevent some irreparable injury. 1 High, Injunctions, (4th Ed.) 406. Such is not the case at bar. The sole basis for the injunction here granted is the allegation of the complaint "that the amount claimed as due under said mortgage exceeds by at least $588.81 the amount actually owing thereunder." The complaint contains no allegation of insolvency on the part of the mortgagees, or that they are nonresidents of the state, or that the excessive amount claimed in the notice of sale was made fraudulently, or for the purpose of embarrassing the right of redemption. If either of these facts appeared in connection with the alleged overstatement in the notice, no exception could be taken to the order below restraining the sale. But they do not, and, as stated, the sole ground for the appeal to equity is the alleged excessive demand in the notice of sale. The rule laid down by the court is a new one, and will, if followed, embarrass the foreclosure of mortgages, and enable delinquent mortgagors to postpone indefinitely

the day of payment, by the mere allegation that the mortgagee claims too much in his notice of sale.

That the mortgagor has a speedy and adequate remedy at law in such a case is settled by numerous decisions of this and other courts. He may maintain an action at law to recover the excess. Spottswood v. Herrick, 22 Minn. 548; Seiler v. Wilber, 29 Minn. 307, 13 N. W. 136; Johnson v. Stewart, 75 Minn. 20, 77 N. W. 435; 1 Jones, Mortgages, (6th Ed.) 965; Pingrey, Mortgages, 1097, 1270; Notes to Minn. Reports, 1025.

The cases cited in support of the decision here made do not sustain it. Though Bidwell v. Whitney, 4 Minn. 45 (76), seems in point on its face, the decision there rendered was expressly limited in Montgomery v. McEwen, 9 Minn. 93 (103), where the court said, in speaking of that case: "It was there held that a party proceeding to foreclose a mortgage by advertisement and sell the property for more than was due upon the mortgage might be restrained by injunction. But this, of course, is to be understood *that a proper case is shown for equitable interference, and not that the writ would issue, as a matter of course, upon the mere allegation that the defendant was proceeding to sell for more than was actually due,* and especially if such statement were denied or facts set up which left the merits of the case doubtful." The question whether an injunction would issue to restrain a mortgage sale upon the naked allegation that the mortgagee claimed more than was due was not involved in the case of Dickerson v. Hayes, 26 Minn. 100, 1 N. W. 834.

In Gerdes v. Burnham, 78 Minn. 511, 81 N. W. 516, also cited in the opinion, it was affirmatively alleged in the complaint that the mortgagee, who was attempting to foreclose for more than was due on the mortgage, was a resident of the state of Vermont, and without property in this state, and that if the foreclosure was not enjoined great and irreparable injury would result to plaintiff. No such allegations appear in the case at bar. On the contrary, it affirmatively appears that the mortgagees are wholesale merchants residing and doing business in this state. The absence of allegations of the character indicated leaves plaintiff wholly without the necessary equities to support the writ. In addition to this, the complaint ad-

mits that $3,800 is due upon the mortgage, and the writ enjoins the enforcement of the contract even for this amount until it shall be determined whether or not more than that is due. The court should at least require of the mortgagor, as a condition to restraining the foreclosure, a payment or tender of the amount so conceded to be due, or permit the foreclosure to proceed for that amount.

For these reasons, I am unable to concur in the decision rendered, and therefore respectfully dissent.