Noble L. LINDBERG, et al., Appellants,

v.

David R. GEBO, et al., Respondents.

No. C9-85-1408.

Court of Appeals of Minnesota.

Feb. 25, 1986.

Craig S. Hunter, Dessert, Smith & Hunter, Park Rapids, for appellants.

Mark O. Anderson, Wagner, Johnston & Falconer, Minneapolis, for respondents.

Heard, considered, and decided by SEDGWICK, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

RANDALL, Judge.

Appellant executed a promissory note in favor of respondent for appellant's down payment on Super Save Drugs, Inc., a business to be purchased jointly by the parties. Appellant pledged land located in Hubbard County, Minnesota, as collateral on the note. When the note came due, appellant defaulted and respondent served notice of foreclosure on the collateral. Appellant served respondent with a complaint alleging fraud and wrongful discharge in connection with appellant's employment as manager/pharmacist of Super Save. Appellant claimed an offset of $25,000 for lost wages, moving expenses, uncovered medical expenses, loss on a discounted note, damage to his credit rating, and emotional distress.

As part of his prayer for relief, appellant moved the court to enjoin the foreclosure sale until determination of his offset claim. The court, after hearing arguments from both parties, granted a temporary injunction and took the matter under advisement. Seven days later, June 17, 1985, the trial judge denied appellant's motion for injunctive relief.

The foreclosure sale took place July 17, 1985. The Sheriff's Certificate was recorded August 2, 1985. The redemption period is one year. Minn.Stat. § 580.23, subd. 2 (1984). Appellant's notice of appeal was filed July 26, 1985, after the foreclosure sale. We affirm.

## FACTS

In June, 1981, appellant and respondent purchased the stock of Super Save Drugs, Inc., located in Pocatello, Idaho. Respondent loaned appellant $49,000 to enable appellant to make his down payment. In return appellant executed two promissory notes in favor of respondent. The notes were secured by 60 acres of undeveloped real estate appellant owned in Hubbard County, Minnesota. Respondent's interest was recorded. The seller of Super Save retained a security interest in the inventory.

While appellant served as Super Save's manager/pharmacist, respondent was not involved in the day-to-day operations. At one point appellant allegedly allowed the inventory's value to fall below the amount specified in the security agreement held by the seller. Further disputes arose over appellant's management of Super Save. Appellant claims respondent forced him to resign on January 8, 1982. Respondent claims appellant's resignation was voluntary.

At the time appellant resigned, he and respondent executed a written modification of the terms of the promissory note. The modification called for repayment of the amount due, $50,485.29 (which included an amount for inventory loss) beginning January 1, 1984. Appellant failed to make payments when they came due and respondent commenced foreclosure by advertisement under Minn.Stat. § 580.03 (1984).

## ISSUE

Did the trial court err in denying appellant's motion for an injunction?

## ANALYSIS

The sole issue for this court when reviewing a trial court ruling on a motion for an injunction is whether the trial court abused its discretion. *Thompson v. Barnes*, 294 Minn. 528, 533, 200 N.W.2d 921, 925 (1972); *see Paradata of Minnesota v. Fox*, 356 N.W.2d 852, 855 n. 1 (Minn.Ct.App.1984). This court must view the facts alleged in the pleadings and affi-

davits as favorably as possible to the party who prevailed below. *Cramond v. American Federation of Labor and Congress of Industrial Organizations*, 267 Minn. 229, 234–35, 126 N.W.2d 252, 257 (1964).

■ Grant of a temporary injunction is governed by Minn.R.Civ.P. 65.02. In addition,

[t]he factors which the trial court is to consider in determining whether to grant preliminary injunctive relief are:

(1) the nature of the relationship between the parties before the dispute giving rise to the request for relief;

(2) the harm to be suffered by the moving party if the preliminary injunction is denied as compared to that inflicted on the non-moving party if the injunction issues pending trial;

(3) the likelihood of success on the merits;

(4) the public interest; and

(5) administrative burdens in enforcing a temporary decree.

*Paradata*, 356 N.W.2d at 854.

The party seeking such temporary relief has the burden of making, by verified pleadings and affidavits, a prima facie showing to require the granting of affirmative relief.

*Thompson*, at 534, 200 N.W.2d at 926. Moreover, an injunction properly issues only when there is no adequate remedy at law. *Borom v. City of St. Paul*, 289 Minn. 371, 376, 184 N.W.2d 595, 598 (1971).

■ Here the relationship between the parties was purely contractual. Foreclosure on appellant's land was a term in the parties' written contract. Once appellant defaulted on the note, because no other proceedings were under way to collect, and because respondent's interest was recorded, respondent's right to foreclose had vested under Minn.Stat. § 580.02.

■ Whether appellant is likely to succeed on the merits of his offset claim is irrelevant since his offset claim is collateral to the default and must be determined in a separate action. The amount of his indebtedness to respondent, on the other hand, is not in dispute. "[I]njunctive relief is a remedy to protect preexisting rights and a court cannot create a right and then enforce it by injunction." *Cramond*, 267 Minn. at 233–34, 126 N.W.2d at 256. Moreover, because appellant has two legal remedies available, a suit for damages on his fraud and wrongful discharge claims and relief under Minn.Stat. § 580.23 (1984), equitable relief is inappropriate.

From the documentary evidence and affidavits submitted by both parties, we conclude that appellant's right to an offset is disputed, is a subject of a separate action, and that his claim must be litigated on its merits without regard to the foreclosure action. The trial court did not err in refusing to grant an injunction under these circumstances.

Appellant argues that the holding of *Ekeberg v. Mackay*, 114 Minn. 501, 131 N.W. 787 (1911) supports his position. We do not agree. *Ekeberg* involved enjoining a foreclosure where the amount owing was ten percent less than the amount stated in the foreclosure notice. The *Ekeberg* court held that a foreclosure sale may be temporarily enjoined where the total amount of the indebtedness has not been determined. *Id.* at 503, 131 N.W. at 788. Here the total amount of indebtedness is contractual and has been determined. The claimed offset is the subject of a separate action. *Ekeberg* is not controlling here.

We do not address respondent's claim that this appeal is moot because filed after the foreclosure sale, except to note that the appeal was timely filed and that Minn.R. Civ.App.P. 103.03(b) permits an appeal from an order which refuses an injunction.

Considering these facts in the light most favorable to respondent, the party prevailing below, we hold that the trial court did not abuse its discretion in denying appellant's motion for injunction.

## DECISION

The trial court properly denied appellant's motion for injunction where appellant has an adequate remedy at law, the pursuit of his claim for damages arising from

fraud and wrongful termination of employment.

Affirmed.