Todd **LADWIG** individually and dba
Contemporary Tool and Design,
Respondent,

v.

George **CHATTERS**, Aaron Chatters,
Water People International, Water-
proof International, Inc., a Minnesota
corporation, Aquatic Systems Interna-
tional, Inc., a Nevada corporation, and
Submerge Products Limited Liability
Company, Appellants.

No. CX–00–1628.

Court of Appeals of Minnesota.

March 6, 2001.

Scott W. Lofthus, Sjostrom and Lofthus, Wayzata, MN, for respondent.

Scott K. Goldsmith, Stacy A. Woods, Goldsmith & Associates, Ltd., Minneapolis, MN, for appellants.

Considered and decided by CRIPPEN, Presiding Judge, HARTEN, Judge, and HANSON, Judge.

## OPINION

CRIPPEN, Judge

Appellants George Chatters et al., challenge both the trial court's authority and the merit of its decision to excise words from an injunction in a prior judgment. We affirm.

## FACTS

In October 1998, respondent Todd Ladwig filed a complaint seeking money damages, an injunction, and other relief from appellants, his would-be business associates. The trial court granted respondent's motion for a default judgment in December 1998, awarding him money damages but also enjoining appellants from "continuing the business enterprise." Respondent acknowledges on appeal that he sought the injunction to induce satisfaction of the money judgment, not to protect some other claimed interest in the business.[1]

In March 2000, the court amended the judgment to clarify that appellants were enjoined from continuing in the business enterprise only insofar as they did so "to the exclusion of Plaintiffs." In its second amendment to the judgment in July 2000, the court eliminated the phrase "to the exclusion of Plaintiffs," explaining that the parties had disputed the interpretation of this phrase and the dispute prevented respondent from receiving the relief he was entitled to in the default judgment.

Appellants challenge the second amendment to the judgment.

## ISSUES

1. Did the trial court exceed its jurisdiction in the second amendment of its earlier judgment?

2. Did the judgment as amended provide relief beyond what was sought in the initial complaint?

## ANALYSIS

1. Subject-matter jurisdiction

■ Appellants insist that the trial court lacked jurisdiction for its second amendment to the judgment because it did not clarify or enforce the judgment but modified it without an adequate basis. Subject-matter jurisdiction is a question of law that this court reviews de novo. *Handicraft Block Ltd. P'ship v. City of Minneapolis*, 611 N.W.2d 16, 19 (Minn. 2000). The appellate court gives great weight to the trial court's construction of its own judgment. *Mikoda v. Mikoda*, 413 N.W.2d 238, 242 (Minn.App.1987), *review denied* (Minn. Dec. 22, 1987).

■ We conclude, as the trial court evidently did,[2] that the second amendment to the judgment was not a modification but an interpretation and clarification of the

---

1. The time for appeal on the initial judgment has passed and appellant has not asked that we review its legality under Minn. R. Civ.App. P. 103.04. As a result, we have not undertaken to determine whether the original default judgment is lawful. *See Lindberg v. Gebo*, 381 N.W.2d 905, 907 (Minn.App.1986) ("[I]njunctive relief is a remedy to protect preexisting rights and a court cannot create a right and then enforce it by injunction. Moreover, because appellant has two legal remedies available, * * * equitable relief is inappropriate." (quotation and citations omitted)), *review de-*

nied (Minn. May 16, 1986). In addition, although appellants brought a motion to vacate under rule 60.02, they have never presented the trial court with the proposition that relief from the operation of the original judgment would be justified because the default judgment granted two remedies for the same claim. *See* Minn. R. Civ. P. 60.02(f) (providing relief for "[a]ny other reason justifying relief from the operation of the judgment").

2. The trial court found:

court's earlier decree. Where the terms of a judgment are ambiguous or indefinite, the court that ordered the judgment may clarify or interpret it. *Stieler v. Stieler,* 244 Minn. 312, 319, 70 N.W.2d 127, 131 (1955). The purpose of the court's original judgment was to provide respondent with a meaningful interest in any continuing operation of the business and the first amendment to the judgment defeated that purpose. Moreover, if the second amendment can be viewed as anything other than a clarification, the court indicated that its aim in changing the words was to compel enforcement of the judgment.[3] A court possesses the power to enforce its own orders. *See Hanson v. Hanson,* 379 N.W.2d 230, 233 (Minn.App.1985).

### 2. Rule 54.03

 Appellants contend that the trial court ordered relief beyond what respondent had asked for in his initial complaint. Rule 54.03 mandates that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Minn. R. Civ. P. 54.03. In its order for the second judgment amendment, the trial court reversed its earlier view on the questions and found that respondent had in fact claimed an ownership interest and a right-of-revenue interest.

The complaint alleges the adverse effects of appellants' breach of fiduciary duties and the adverse effects of continuing the business enterprise, which respondent characterized as "to the exclusion of plaintiffs." The allegations may suggest respondent's expectation that the court could permit the business operation with provision for respondent's meaningful inclusion, but it does not suggest that respondent thought the business enterprise could or should be continued. Because the allegations and the prayer for relief fairly suggest the call for a meaningful, permanent injunction, there is an adequate basis for the trial court's judgment. *Cf. Duenow v. Lindeman,* 223 Minn. 505, 517, 27 N.W.2d 421, 428 (1947) (finding the trial court "clearly departed from the complaint" by awarding "relief for which there is no basis therein"); *Beliveau v. Beliveau,* 217 Minn. 235, 245, 14 N.W.2d 360, 366 (1944) ("A court of equity has the power to adapt its decree to the exigencies of each particular case so as to accomplish justice.").

### 3. Due process

Appellants suggest that the judgment in its current form offends due process but explain this assertion solely by stating that the amendment unlawfully modified the prior judgment and granted relief beyond the demand for judgment. Because appellants have not shown the merit of either of these theories, the case presents no separate constitutional issues.

### DECISION

The trial court's amendment to the judgment was within the scope of its jurisdiction to clarify the document, and the relief it provided was of a kind called for by the initial complaint.

**Affirmed.**

---

The Court agrees with the Plaintiff that the Court was incorrect in the Court's Order, ¶ 23, when the Court stated that in the Complaint "Plaintiff did not ask for" [sic] a percentage ownership or right of revenue interest (in Defendant companies). The Court agrees that Plaintiff repeatedly has recited Plaintiff's ownership interest and sought relief based upon that interest. The Court agrees with the Plaintiff that if the interpretation of the Amended Order precludes Plaintiff's ownership interest, then it also does not provide what Plaintiff requested in the Complaint, sought in the prayer for relief, and should receive as the result of a judgment by default. (citation omitted).

3. The trial court found that "while Defendant Chatters may be technically complying with the permanent injunction, he is avoiding the intent of it by forming other corporate entities" and "has taken no measures to satisfy the judgment against him."